IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KEITH TERRELL BUTLER,

            Plaintiff,

      v.                                 Civil Action No.
                                          9:07-CV-00431 (FJS/DEP)

J. SMITH, R.N., Upstate Correctional
   Facility *et al.*,

            Defendants.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

KEITH TERRELL BUTLER, *Pro Se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO          RICHARD LOMBARDO, ESQ.
Office of the Attorney General        Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     Plaintiff Keith Terrell Butler, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. § 1983 claiming deprivation of his constitutional rights. In his complaint, as amended, plaintiff alleges that the named defendants, all medical personnel or corrections workers assigned to the facility in which Butler was being held when his claim accrued, were deliberately indifferent to his serious medical needs by failing to accede to his request for an immediate refill of his diabetes medication, in violation of the Eighth Amendment to the United States Constitution. As relief, plaintiff seeks recovery of $100,000 in damages.

In response to plaintiff's complaint defendants have moved seeking its dismissal. In their motion defendants assert that the allegations contained within plaintiff's complaint, even if proven, would be insufficient to support a plausible medical indifference claim, arguing in the alternative their entitlement to qualified immunity. For the reasons set forth below, I conclude that plaintiff has failed to plead facts which would establish or even suggest the existence of a constitutional violation with regard to the denial of his refill request for his diabetes medication, and that his claim represents no more than his disagreement with decisions of prison medical personnel. I therefore recommend that the defendants' motion to

dismiss be granted, and accordingly find it unnecessary to address defendants' alternative, qualified immunity argument.

I. BACKGROUND[1]

The facts underlying plaintiff's claims are not overly complex. Plaintiff is a prison inmate entrusted to the custody of the New York State Department of Correctional Services (the "DOCS"); at the times relevant to his claims set forth in his complaint, plaintiff was designated to the Upstate Correctional Facility, located in Malone, New York.[2] *See generally* Amended Complaint (Dkt. No. 20). At approximately 8:00 p.m. on March 25, 2007, plaintiff notified correctional authorities that he suffered from diabetes and was requesting medical intervention. Amended Complaint (Dkt. No. 20) § 6. Assistance was eventually summoned and, in response to the call, defendant J. Smith, a registered nurse, appeared at plaintiff's cell approximately one hour later. *Id.* On her

---

[1] In light of the procedural posture of this case, the following recitation is drawn from plaintiff's complaint, the contents of which for now must be accepted as true. *See Erickson v. Pardus*, __U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

[2] Upstate is a maximum security prison comprised exclusively of special housing unit ("SHU") cells in which inmates are confined, generally though not always for disciplinary reasons, for twenty-three hours each day. *See Samuels v. Selsky*, No. 01 CIV. 8235, 2002 WL 31040370, at *4 n.11 (S.D.N.Y. Sept. 12, 2002).

3

arrival Nurse Smith checked plaintiff's blood sugar level, apparently finding it to be within an acceptable range.[3] *Id.* Plaintiff complained to Nurse Smith that he had been without his diabetes medication for three days, and asked her first to provide him first with oral medication, later asking that she administer an insulin shot. *Id.* Both requests were denied. *Id.*

Two hours later, plaintiff was discovered on the floor of his cell, reporting that he felt "weak and dizzy." Amended Complaint (Dkt. No. 20) § 6. Medical assistance was again summoned, and defendant Atkinson, also a registered nurse, responded.[4] After checking plaintiff's vital signs and blood sugar level, defendant Atkinson was asked by Butler to administer an insulin shot; that request was once again denied. *Id.*

After Nurse Atkinson left plaintiff's SHU cell, he called out to defendant Chiappone, a corrections sergeant at the facility, complaining of the denial of medical treatment. Amended Complaint (Dkt. No. 20) § 6.

---

[3] Plaintiff maintains that the results of the blood sugar test were skewed by virtue of the fact that he ate dinner a short time before. Amended Complaint (Dkt. No. 20) § 6.

[4] In his complaint plaintiff identifies the responding nurse as defendant "Akinson". Both the return of service for that defendant and defendants' motion papers, however, reflect her identity as Candy "Atkinson". The clerk is hereby requested to modify court records to reflect the correct spelling of this defendant's name.

Plaintiff received an apathetic reply indicating, in substance, that defendant's disinterest in Butler's medical condition. *Id.*

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on April 20, 2007; following a routine review of his complaint and the granting of his *in forma pauperis* application by the court, *see* Dkt. No. 8, plaintiff subsequently filed an amended complaint more clearly detailing his claims. Dkt. Nos. 1, 20. Named as the defendants in plaintiff's amended complaint are Sergeant Chiappone and Registered Nurses J. Smith and C. Atkinson. *Id.* Plaintiff's complaint asserts a single cause of action sounding in deliberate medical indifference, although characterized by Butler as "medical malpractice." *Id.*

On January 25, 2008, the defendants moved seeking dismissal of plaintiff's complaint. Dkt. No. 33. In their motion, defendants argue that plaintiff has not pleaded an actionable section 1983 claim, and additionally assert that if a constitutional violation was committed, they are nonetheless entitled to qualified immunity. Defendants' motion, which plaintiff has failed to oppose, is now ripe for determination and has been referred to me for the issuance of a report and recommendation pursuant

5

to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).[5]  *See also* Fed. R. Civ. P. 72(b).

III. DISCUSSION

    A.    Dismissal Motion Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements. Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not

---

[5] Plaintiff's failure to respond to the pending motion does not preclude me from recommending its disposition without the benefit of his submission. *See*, *e.g.*, *White v. Mitchell,* No. 99-CV-8519, 2001 WL 64756, at *1 (E.D.N.Y. Jan. 18, 2001). Such a motion to dismiss tests only the legal sufficiency of the plaintiff's complaint; accordingly, since the plaintiff has been afforded a reasonable opportunity to respond to the motion, but has failed to avail himself of that chance, the court can now determine the complaint's sufficiency as a matter of law based on its own reading of the complaint and knowledge of the case law. *McCall v. Pataki,* 232 F.3d 321, 322-23 (2d Cir. 2000). It should be noted, however, that plaintiff's failure to respond in opposition to the pending motion is not without potential significance; under this court's local rules a party's failure to respond to a properly filed motion can constitute consent to the granting of that motion, provided the court determines that the moving party has met its burden demonstrating entitlement to the relief requested. N.D.N.Y.L.R. 7.1(b)(3); *see also McCall*, 232 F.3d at 322-23 (holding that plaintiff's failure to respond to motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint stated a claim for relief); *White,* 2001 WL 64756, at n. 2 (citing *McCall*).

6

required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible").  Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim.  *Twombly*, 127 S. Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957), "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival").

   In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party.  *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d

292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial; the question presented by such a motion is not whether the plaintiff is likely ultimately to prevail, "'but whether the claimant is entitled to offer evidence to support the claims.'" *Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)). Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. *See Twombly*, 127 S. Ct. at 1969, 1974; *see also Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) ("In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'") (quoting *Twombly)*. "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (3d Cir. 2007) (quoting *Twombly*,

127 S. Ct. at 1974).

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action. *Erickson*, 127 S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.). In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

    B.    <u>Deliberate Indifference</u>

Plaintiff's complaint in this action alleges medical indifference on the part of Nurses J. Smith and C. Atkinson, as well as Sergeant Chiappone,

9

for their alleged failure on one occasion to provide him with the diabetes medication which he had been without for three days.  In their motion, defendants challenge the sufficiency of the plaintiff's allegations and argue that as a matter of law their conduct does not support a cognizable claim of medical indifference.

The Eighth Amendment's prohibition of cruel and unusual punishment encompasses punishments that involve the "unnecessary and wanton infliction of pain" and are incompatible with "the evolving standards of decency that mark the progress of a maturing society."  *Estelle v. Gamble,* 429 U.S. 97, 102, 104, 97 S. Ct. 285, 290, 291 (1976); *see also Whitley v. Albers,* 475 U.S. 312, 319, 106 S. Ct. 1076, 1084 (1986) (citing, *inter alia*, *Estelle*).  While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement; thus the conditions of an inmate's confinement are subject to Eighth Amendment scrutiny.  *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400 (1981)).

A claim alleging that prison conditions violate the Eighth Amendment must satisfy both an objective and subjective requirement – the conditions


must be "sufficiently serious" from an objective point of view, and the plaintiff must demonstrate that prison officials acted subjectively with "deliberate indifference." *See Leach v. Dufrain,* 103 F. Supp. 2d 542, 546 (N.D.N.Y. 2000) (Kahn, J.) (citing *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991)); *Waldo v. Goord,* No. 97-CV-1385, 1998 WL 713809, at *2 (N.D.N.Y. Oct. 1, 1998) (Kahn, J. and Homer, M.J.); *see also, generally, Wilson*, 501 U.S. 294, 111 S. Ct. 2321. Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1978; *Leach*, 103 F. Supp. 2d at 546 (citing *Farmer*); *Waldo*, 1998 WL 713809, at *2 (same).

In order to state a medical indifference claim under the Eighth Amendment, a plaintiff must allege a deprivation involving a medical need which is, in objective terms, "'sufficiently serious'". *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citing *Wilson*, 501 U.S. at 298, 111 S. Ct. at 2324), *cert. denied sub nom.*, *Foote v. Hathaway*, 513 U.S. 1154, 115 S. Ct. 1108 (1995). A medical need is serious for constitutional purposes if it

presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain'." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citations omitted). A serious medical need can also exist where "'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'"; since medical conditions vary in severity, a decision to leave a condition untreated may or may not be unconstitutional, depending on the facts. *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) (quoting, *inter alia*, *Chance*). Relevant factors informing this determination include whether the plaintiff suffers from an injury that a "'reasonable doctor or patient would find important and worthy of comment or treatment'", a condition that "'significantly affects'" a prisoner's daily activities, or causes "'chronic and substantial pain.'"[6] *Chance*, 43 F.3d at 701 (citation omitted); *LaFave v. Clinton County*, No. CIV. 9:00CV774, 2002 WL 31309244, at *2-*3 (N.D.N.Y. Apr. 3, 2002) (Sharpe, M.J.).

Deliberate indifference, in a constitutional sense, exists if an official

---

[6] In their motion defendants do not appear to dispute plaintiff's contention that his diabetes, particularly if not properly treated, could represent a serious medical need of constitutional significance. *See Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990) (citing *Johnson v. Harris*, 479 F. Supp. 333 (S.D.N.Y. 1979)); *Shabazz v. Lee*, No. 9:03-CV-1520, 2007 WL 119429, at *6 (N.D.N.Y. Jan. 10, 2007) (Hurd, D..J. and Homer, M.J.) (citing, *inter alia*, *Kaminsky v. Rosenblum*, 929 F.2d 922, 923 (2d Cir. 1991)).

knows of and disregards an excessive risk to inmate health or safety; the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979; *Leach*, 103 F. Supp. 2d at 546 (citing *Farmer*); *Waldo*, 1998 WL 713809, at *2 (same).

It is well-established that mere disagreement with a prescribed course of treatment, or even a claim that negligence or medical malpractice has occurred, does not provide a basis to find a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 201-02; *Chance*, 143 F.3d at 703; *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040, 113 S. Ct. 828 (1992). The question of what diagnostic techniques and treatments should be administered to an inmate is a "classic example of a matter for medical judgment"; accordingly, prison medical personnel are vested with broad discretion to determine what method of care and treatment to provide to their patients. *Estelle*, 429 U.S. at 107, 97 S. Ct. at 293; *Chance*, 143 F.3d at 703; *Rosales v. Coughlin*, 10 F. Supp. 2d 261, 264 (W.D.N.Y. 1998). If the medical care provided by prison officials to an inmate is

adequate, there is no Eighth Amendment violation.  *Wandell v. Koenigsmann*, No. Civ.A. 99-8652, 2000 WL 1036030, at *3 (S.D.N.Y. July 27, 2000).

        1.      <u>Nurses J. Smith and C. Atkinson</u>

The crux of plaintiff's complaint against Nurses J. Smith and C. Atkinson is his disagreement over their failure to honor his request for oral medication or an insulin shot, each on one occasion.  By plaintiff's own admission Nurse Smith, the first medical worker to examine Butler on the evening in question, tested plaintiff's blood sugar level and, after apparently determining it to be in an appropriate range, denied his request for oral medication stating that she did not have an order to provide that medication, similarly denying his request for an insulin shot.  When Nurse Atkinson was summoned to plaintiff's cell some two hours later, she too checked not only plaintiff's blood sugar level but also his vital signs, and advised the plaintiff that would receive his medication in the morning.

Construing these allegations liberally, and drawing all inferences in his favor, I find that plaintiff has failed to allege a plausible constitutional deprivation claim.  Plaintiff does not allege that defendants ignored his request for treatment, nor could he since by his own account medical

assistance was provided on both occasions when it was requested. Similarly, plaintiff has alleged no facts which would tend to reveal a wonton disregard by the defendants of his serious medical needs. Instead plaintiff's complaint represents little more than his disapproval with the prescribed course of treatment and his belief that he should have been administered oral medications or an insulin shot and accordingly, is insufficient to support such a medical indifference claim. *Culp v. Koenigsmann,* No. 99 Civ. 9557, 2000 WL 995495, at *7 (S.D.N.Y. July 19, 2000) ("Mere disagreements with the quality of medical care, however, do not state an Eighth Amendment claim."); *see also, e.g., Troy v. Kuhlmann,* No. 96 Civ. 7190, 1999 WL 825622, at *6 (S.D.N.Y. Oct. 15, 1999) ("[A] prisoner's disagreement with the diagnostic techniques or forms of treatment employed by medical personnel does not itself give rise to an Eighth Amendment claim.").

    In the event that plaintiff's claim is construed as one alleging an unconstitutional delay in providing necessary medical treatment, his indifference cause of action fares no better. It is true that a delay in providing an inmate with treatment of a serious medical condition can give rise to a finding of an Eighth Amendment violation provided that the

condition ignored is "life-threatening and fast-degenerating", or where treatment is withheld over a lengthy period of time during which the plaintiff complains of extreme pain. *Sully-Martinez v. Glover*, No. 00 CIV. 5997, 2001 WL 1491278, at *5 (S.D.N.Y. Nov. 26, 2001) (citing *Hathaway*, 841 F.2d 48 and *Archer v. Dutcher*, 733 F.2d 14 (2d Cir. 1984)).  Plaintiff's complaint, however, fails to state that as a result of the brief delay in receiving his medication he experienced extreme pain or fast degeneration of his condition.  Instead, plaintiff's claims against Nurses Smith and Atkinson represent nothing more than his disagreement over a selected course of treatment, and at best assert a claim of medical malpractice, as indeed he himself has characterized his cause of action.  Since claims of negligence or medical malpractice are not actionable under section 1983, *see Estelle,* 429 U.S. at 106, 97 S. Ct. at 292, I recommend a finding that plaintiff's complaint fails to allege a violation of constitutional magnitude and thus dismissal of his medical indifference claim as against Nurses Smith and Atkinson.

      2.      <u>Sergeant Chiappone</u>

Plaintiff's complaint also alleges a medical indifference claim against Sergeant Chiappone, a corrections worker at Upstate, for his alleged

failure to ensure that plaintiff was treated properly.  Defendants seek dismissal of plaintiff's claims against defendant Chiappone as well, arguing that plaintiff has failed to state an actionable section 1983 claim since Sergeant Chiappone is not a medical professional and had no reason to believe the care plaintiff received from the nursing staff was inadequate.

The precise basis for plaintiff's claim against Sergeant Chiappone is not readily apparent from his complaint.  While Butler seemingly claims that the response to his complaints to Sergeant Chiappone regarding the inaction of Nurses Smith and Atkinson was constitutionally deficient and exhibited his disinterest in Butler's plight, there is no allegation in plaintiff's amended complaint that would support the requisite scienter element necessary to establish a deliberate indifference claim against him. Plaintiff was examined on two separate occasions by facility medical workers on the evening in question.  Plaintiff does not allege that Sergeant Chiappone had any medical training, nor that he had any other reason to question the judgment of those medical staff members and their treatment of plaintiff.  Under the circumstances plaintiff's deliberate indifference claims as against Sergeant Chiappone are facially deficient.  *See Blaylock*

17

*v. Borden*, 547 F. Supp. 2d 305, 314 (S.D.N.Y. 2008) (dismissing medical indifference claims against corrections officers who escorted plaintiff to infirmary for treatment since they were not medical personnel or in charge of deciding plaintiff's treatment); *see also Brock v. Bright,* 315 F.3d 158, 165 (2d Cir. 2003) (finding no liability for deliberate indifference on the part of DOCS Central Office Review Committee ("CORC") members in light of the lack of evidence "that the committee members had medical training or were otherwise aware of the decision to defer to [Dr.] O'Connell might not be responsive to [plaintiff's] true medical needs").  I therefore recommend that the defendants' motion be granted dismissing the plaintiff's claim of medical indifference against Sergeant Chiappone.

IV.  <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff has failed to plead a set of facts which would suggest the existence of a constitutional violation with regard to the denial of his immediate refill request for his diabetes medication.  Plaintiff's claims against Nurses Smith and Atkinson stem purely from his disagreement with their medical judgments, following their testing of his blood sugar level, that treatment of his diabetes medication could be deferred for one day.  Since this represents nothing more than a disagreement with

treatment or, alternatively, regarding a delay of treatment over a period of a few hours, with no claim that he experienced extreme pain or rapid degeneration over the brief intervening period, plaintiff's medical indifference claim against Nurses Smith and Atkinson is deficient as a matter of law.  Turning to plaintiff's claim against Sergeant Chiappone, I conclude that because Sergeant Chiappone was apparently aware that plaintiff's circumstances had been addressed by medical professionals, and there being no allegation that Sergeant Chiappone either possessed medical training or perceived or reasonably should have appreciated circumstances which could call into question the judgment of those qualified medical professionals, I conclude that plaintiff's claims against him are similarly deficient.  Plaintiff's medical indifference claims are therefore subject to dismissal, with leave to replead.[7]  *See Branum*, 927 F.2d at 704-05.

Based upon the foregoing it is therefore hereby

RECOMMENDED, that defendants' motion to dismiss plaintiff's complaint (Dkt. No. 33) be GRANTED, and that plaintiff's complaint in this

---

[7]  In light of this determination on the merits I find it unnecessary to address defendants' alternative argument of their entitlement to qualified immunity.  *See Saucier v. Katz,* 533 U.S. 194, 121 S. Ct. 2151 (2001).

action be DISMISSED, with leave to replead.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with the court's local rules.


Dated:   August 20, 2008
         Syracuse, NY


_____
David E. Peebles
U.S. Magistrate Judge